**STATE, ex rel. DICKMAN, etc., Plaintiff-Appellant, v. DEFENBACHER, et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4199.   Decided November 18, 1948.

Jerome Goldman, Albert M. Freiberg, Cincinnati, for plaintiff-appellant.

Hugh S. Jenkins, Atty. Genl., Joseph S. Gill, Asst. Atty. Genl., Paul M. Herbert, Columbus, for defendants-appellees.

## OPINION

By WISEMAN, PJ.

This is an appeal on questions of law and fact from the Common Pleas Court of Franklin County, Ohio, which sustained a motion of defendants-appellees for a judgment on the pleadings.

Plaintiff-appellant, a taxpayer, brought this action on behalf of himself and other taxpayers of the State of Ohio to enjoin the defendants-appellees, state officials, from paying certain veterans' organizations money appropriated to them by the 97th General Assembly.  On motion the named organiza-

tions were made parties defendant. A general demurrer to the original petition being sustained, the appellant filed an amended petition. The defendants-appellees filed an answer in the nature of a general denial. When the matter came on for hearing defendants-appellees moved for judgment on the pleadings. The motion was sustained and the amended petition dismissed. From this order this appeal is taken.

It is stipulated that this Court first determine whether the Court below was correct in sustaining the motion for judgment on the pleadings.

Since the defendants' answer was in the nature of a general denial, the motion for judgment on the pleadings raised the same question as would have been raised by general demurrer to the amended petition, to wit: Does the petition state a cause of action?

In his amended petition plaintiff alleges that,

"The Ohio General Assembly during the session of the 97th Ohio General Assembly, passed a general appropriation bill for the biennium beginning January 1, 1947, and ending December 31st, 1948, * * * that said appropriation bill included, among appropriations made by it to be paid from public funds and moneys of the State of Ohio, the following appropriations:

"Headquarters Grand Army of the Republic $ 7085.00
United Spanish War Veterans 24000.00
American Legion of Ohio 107000.00
83d Division A. E. F. Veterans Association 1000.00
Veterans of Foreign Wars 73000.00
Ohio Rainbow Division 5000.00
37th Division A. E. F. Veterans Association 14800.00
Disabled American Veterans of World War 75000.00
Department of Army and Navy Union 2500.00
Department of American Veterans of World War II 11250.00"

Plaintiff alleges that all the organizations for which said appropriations were made "are organizations or associations of private individuals, subject to solely private control of the members, and existing for the private benefit of the members". It is further alleged that "all funds from said appropriation will, if paid, be used by said organizations for purposes of obtaining additional members in said organizations, to promote private political ideas and programs of certain members of said organizations, to provide private benefits and entertainment for the members of said organizations, and are not, and will not be used except for the private benefit of private individuals". Plaintiff further alleges that "said

organizations are purely private organizations with private purposes only; that all funds obtained by said organizations are devoted to solely private purposes and not for public purposes in any manner whatever". Plaintiff further says that "neither the State of Ohio nor any public official exercises any control or makes any audit"; and that "said funds were appropriated to said private organizations or associations of private individuals simply as contributions". Plaintiff further says that "by reason of the foregoing, the appropriations and payment of state funds for and to said organizations as provided in said appropriation bill aforesaid would constitute an appropriation and expenditure of public funds for private purposes, and as such would be contrary to the constitution and fundamental laws of the State of Ohio."

The gist of the contention of the plaintiff is that the organizations for whose benefit the appropriations were made are associations of private individuals, subject to private control and existing for the private benefit of their members, and that the funds appropriated will be used by the organizations for their own private purposes. The claim of the plaintiff is that the General Assembly had no power to make such appropriations and that the payment of the appropriated funds should be enjoined.

The defendants-appellees contend that the power to make current appropriations from current revenues is vested in the General Assembly without limitation. The plaintiff claims that the power is limited. No specific constitutional limitation is cited but it is claimed that a limitation is implied. To support this contention plaintiff cites cases which have held invalid taxing statutes which purported to earmark future revenue for the benefit of said individuals or groups. Article VIII, Section 4 of the Ohio Constitution is cited which forbids extending the credit of the state in favor of private enterprises. Under Article II, Section 22, the General Assembly may not make an appropriation effective for more than two years. No General Assembly can create obligations which extend beyond its own life. There is no constitutional limitation on the power of the General Assembly to make current appropriations from current revenue funds.

All political power is inherent in the people. Article I, Section 2, Ohio Constitution. All power not delegated remains with the people. Article I, Section 20, Ohio Constitution. The legislative power of the state is vested in the General Assembly. Article II, Section 1, Ohio Constitution. The power to make appropriations, being a legislative function, is vested in the General Assembly, subject only to the limitations

expressly set out either in the Ohio or .the United States Constitution    **Baker v. The City of Cincinnati, 11 Oh St 534, 542; Williams v. Scudder, 102 Oh St 305, 307; Ostrander v. Preece, 129 Oh St 625, 628.**  We find no limitation in either constitution on the power of the General Assembly to make current appropriations out of current revenues.  **Article VIII, Section 4 of the Ohio Constitution** which forbids extending credit of the state in favor of private enterprises has no application to the situation presented in the instant case.  In the case of the **Auditcr of Lucas County v. State, ex rel. Boyles, 75 Oh St 114,** cited by appellant as the leading case in support of the contention that the General Assembly was without power and authority to make the appropriations in question, the constitutionality of an act which in effect pledged the credit of the state to make payment to blind persons for an indefinite period in the future, was the question in issue.  The Court held the act to be unconstitutional.  The case at bar is distinguishable from the Boyles case on the facts.  In the instant case current appropriations are made from current revenue.  The decision in the Boyles case rested on the case of Loan Association v. Topeka, 20 Wallace, 655, wherein the United States Supreme Court held unconstitutional a Kansas statute which authorized municipalities to issue bonds in favor of private manufacturers on the ground that a tax levied to pay the bonds would take property without due process of law.  Other cases cited by appellant (**State, ex rel. Walton v. Edmondson, 80 Oh St 351; Miller v. Korns, 107 Oh St 287; Cleveland, et al. v. Ruple, 130 Oh St 465**) fall in the same category.

This precise question has never been decided by the reviewing courts of Ohio.  The Court has experienced no little difficulty in arriving at its conclusion.  We commend counsel for the preparation and submission of helpful briefs.

In our judgment the amended petition does not contain allegations sufficient to constitute a cause of action.  Motion of defendants for judgment on the pleadings is hereby sustained.

MILLER and HORNBECK, JJ, concur.